233 F.2d 69
 Chester HOUSTON, Annie Houston, Frank Houston, Bertha H.
Ford, Nancy H. Ford, Dorothy H. William, Luther Houston,
Leroy Houston, Leon Houston, Henry Houston, Lonzo Houston,
James Houston, Eddie Houston, Jr., Rosella Houston, Odell
Houston, Oscar Gaines, John Gaines, Fred Gaines, Susan G.
Williams, Lula Mae G. Glover and Leona G. Jacobs, the heirs
at Law of Henry Clay Houston, Deceased, Appellants,
v.
INTERNATIONAL PAPER COMPANY, Appellee.
In the Matter of UNITED STATES of America, Plaintiff,
v.
19,302.35 ACRES OF LAND, MORE OR LESS, SITUATE IN AIKEN AND
BARNWELL COUNTIES, SOUTH CAROLINA, Ida S. Bates,
et al., and unknown owners, Defendants.
 No. 7157.
 United States Court of Appeals Fourth Circuit.
 Argued April 19, 1956.
Decided April 25, 1956.
 
 1
 Blinzy L. Gore, Orangeburg, S.C., for appellants.
 
 
 2
 Herman I. Mazursky, Barnwell, S.C., and Dorcey Lybrand, Aiken, S.C. (Lybrand, Simons & Smith, Aiken, S.C., and Brown, Jefferies & Mazursky, Barnwell, S.C., on brief) for appellee.
 
 
 3
 Before SOPER and DOBIE, Circuit Judges, and HARRY E. WATKINS, District judge.
 
 
 4
 HARRY E. WATKINS, District Judge.
 
 
 5
 This is an appeal from an order of the District Court holding that the appellants were barred by their laches from claiming a portion of the funds deposited with the court as compensation for a larger tract of land taken by the United States in condemnation. Appellants claim to be the heirs at law of one Henry Houston and made claim to a portion of the funds now on deposit. Appellee, International Paper Company, is the record owner of the land in question, but appellants claim that a tax deed upon which appellee relies should be held invalid and the money should be paid to them as owners of the property.
 
 
 6
 The matter was heard by the court upon oral stipulations, agreements and statements of counsel. The District Court held that the appellants were barred by their laches from claiming any interest in the funds on deposit with the court under the authority of Hemingway v. Mention, 228 S.C. 211, 89 S.E.2d 369. We agree, and affirm the decision of the District Court.
 
 
 7
 The facts are not in dispute. Henry Houston died intestate in 1914 owning the tract of land in question. After his death the tract was carried on the tax books in the name of Henry Houston, although the law of South Carolina required that it be returned by the owner or owners for assessment. From 1914 to 1928, inclusive, the taxes were paid, presumably by the widow and children. Taxes for the years 1929, 1930 and 1931 were not paid, and, after levy advertisement and sale, the sheriff conveyed the land in 1934 to G. B. Hagood as purchaser for $57.00. The tax forfeiture proceedings were conducted against Henry Houston since the property was assessed in his name. About 1934 the heirs-at-law of the deceased abandoned the property to Hagood who went into possession thereof and merged the land into a larger tract of 713 acres, which larger tract he conveyed in 1937 to George H. Walker. The latter merged the 713 acre tract into a larger tract containing 4,988 acres, and in 1946 conveyed the same to William R. Rhodes, who on the same day conveyed it to the appellee, International Paper Company. The latter merged same into a tract of 5,988 acres, which was condemned in this action in 1952 by the United States as a part of the Savannah River Plant of the Atomic Energy Commission. During the nine years of ownership by Walker he maintained the same as a hunting preserve and protected the timber thereon. During the six years of ownership by International it protected and grew timber thereon. When condemned, the tract in question had long since lost its identity, evidence of boundary lines had disappeared, and persons who had been familiar with the lines were dead. As a result of the Houston tract being merged with the larger tract and used as a hunting preserve, and also because of the protection of the timber thereon by International and its predecessors in title, when condemned it was valued as a part of the larger tract at between $30 and $35 per acre. The tax deed in 1934 described the Houston tract as containing 123 acres while the other deeds mentioned above described the same as containing 50 acres. The land did not appear on the tax records in the name of appellants or their predecessors in title after 1933. Neither the appellants, who are the grandchildren of Henry Houston, nor their predecessors in title asserted any claim to the land until 1952 and they have offered no explanation or excuse for the delay in so doing. Section 2859 of the 1932 Code of Laws of South Carolina provided that the Sheriff's deed of conveyance 'shall be held and taken as prima facie evidence of a good title in the holder * * *', but appellants claim that Section 2605 of the same code required the levy, advertisement and sale to be made in the name of the owners of the property, and that since the property was sold in the name of the deceased instead of the heirs, the tax deed is invalid.
 
 
 8
 The same claim was made in Hemingway v. Mention, supra, upon facts similar to the facts in this case in every essential feature. There the Supreme Court of South Carolina held that the heirs of Hemingway were barred by laches from claiming the land in question.
 
 
 9
 Appellants seek to distinguish the Hemingway case upon the ground that there the court applied the equitable doctrine of laches in an action where the plaintiff sought affirmative relief of an equitable nature, whereas here, they say, they seek no affirmative relief of an equitable nature. We do not believe the two cases can be distinguished on this ground. In the Hemingway case, the action was brought to invalidate the tax deed. Here the appellants are, in effect, seeking to do the same thing. They have taken the affirmative action of asking the court to hold that the tax deed is invalid, and to pay the money on deposit to them. Until the tax deed is held to be invalid they have no right to the money. The action which they seek is equitable in nature and the equitable doctrine of laches can be asserted as a defense, just as it was applied as a defense in the Hemingway case.
 
 
 10
 Affirmed.